IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMANTHA A. KENDALL,            )
                                )
            Plaintiff,          )
                                )
      v.                        )      No. 07 C 1841
                                )
VILLAGE OF MAYWOOD, a municipal )
corporation, THE BOARD OF       )
TRUSTEES OF THE VILLAGE OF      )
MAYWOOD, ROBERT L. NELIS, SR.,  )
as Village Manager of the       )
Village of Maywood, and         )
individually, JASON ERVIN, as   )
the Finance Director of the     )
Village of Maywood, and         )
JUNE PRICE, as the Director of  )
Parks and Recreation of the     )
Village of Maywood,             )
                                )
            Defendants.         )

## OPINION AND ORDER

Plaintiff Samantha Kendall worked as the administrative assistant to defendant Robert Nelis, who was then the village manager of defendant Village of Maywood. Plaintiff alleges she was hired effective January 1, 2006. In February 2006, plaintiff's daughter was murdered in Maywood. At an April 4, 2006 meeting of the Village's Board of Trustees, plaintiff spoke during the public comments portion of the meeting. She spoke

regarding the fact that there had still been no arrests for her daughter's murder. Plaintiff alleges that defendants thereafter retaliated against her for speaking on this matter of public concern in violation of plaintiff's First Amendment rights. Plaintiff also alleges that the retaliation resulted in her constructive discharge, with plaintiff resigning from her employment effective July 12, 2006. Thus, plaintiff's employment lasted just over six months and the alleged period of retaliation lasted approximately three months.

Presently pending is plaintiff's second motion for discovery sanctions and to compel discovery. Plaintiff had previously filed a motion to compel discovery and for sanctions. Prior to any ruling by the court, however, the parties entered into a stipulation resolving that dispute. Plaintiff moved to withdraw her pending motion and for discovery to proceed in accordance with the stipulation. On March 19, 2008, this court entered an order [75] stating: "Plaintiff's motion to compel and for sanctions [56] is withdrawn. Plaintiff's motion to allow discovery to proceed pursuant to stipulation [73] is granted. Discovery extended to 4/30/2008." Plaintiff contends that defendants have not timely complied with the provisions of the

stipulation and therefore again seeks sanctions and to compel discovery.

The stipulation is dated March 13, 2008 and provides:

1. With respect to Plaintiff's 30(b)(6) Requests for a Representative Deponent, the Defendants hereby designate Jason Ervin, the current Village Manager, with respect to subsections (a)-(s) as the representative deponent for the Village and the Board of the Village of Maywood, with the date and time for said deposition to be agreed to by the parties within twenty-one days from the date of this stipulation.

2. By the designation of Jason Ervin as a representative deponent, the Defendants do not waive any objections properly reserved and preserved under the federal rules for purposes of any substantive motions, trial or hearings in these proceedings.

3. Defendants shall supplement their prior responses to plaintiff's document requests accompanying the two representative notices issued November 1, 2007 ("Document Riders") and plaintiff's request for the production of documents issued July 26, 2007 ("Requests for Production") within 21 days. Only objections reserved and preserved under the federal rules remain available to defendants. Defendants shall provide any and all responsive documents to plaintiff's document riders and requests for production to Plaintiff within twenty-one (21) days of the date of this stipulation.

    a. The parties also agree and stipulate that Defendant Village of Maywood shall conduct an additional follow-up search for any e-mails responsive to plaintiff's document riders and requests for production with the assistance of its IT consultant. Said search shall be conducted within twenty-one days (21) and the results provided to Plaintiff within seven (7) days of said search.

> b. Defendants may redact only the names, addresses, telephone numbers, or contact information of employees from documents responsive to plaintiff's document rider No. 12. In the event that there are no documents responsive to plaintiff's document rider number 12, defendants shall so indicate to Plaintiff in their supplemental response to Plaintiff's written discovery responses. Defendants shall also provide a supplemental response to Plaintiff's Interrogatory No. 8 within 21 days of the date of this stipulation.
> c. Defendants may redact only the names, addresses, telephone numbers, or contact information of employees from documents responsive to plaintiff's document rider No. 2.
> 4. By the submission of these additional documents, the Defendants do not waive any objections, properly reserved and preserved, under the federal rules for purposes of any substantive motions, trial or hearings in these proceedings.
> 5. In consideration of the designation of a representative deponent and the documents being produced, the Plaintiff hereby agrees to withdraw its [sic] motion to compel and for sanctions in its entirety. Plaintiff shall file a separate pleading so indicating its [sic] withdrawal on the same date of the filing of these stipulations.

Twenty-one days after March 13 was April 3, 2008. Another seven days thereafter would be April 10, 2008. However, if the stipulation is considered to be incorporated into this court's March 19, 2008 Order,[1] then Fed. R. Civ. P. 6(a)(2)

---

[1] Plaintiff contends the March 19 Order made the stipulation a court order, the violation of which is subject to

applies, which does not count weekends for periods of less than 11 days. In that case, seven days after April 3, 2008 was Monday, April 14, 2008. Initially, plaintiff filed her second sanctions motion on Saturday April 5, 2008, just two days after the April 3 deadline and prior to the deadline for turning over emails contained in ¶ 3(a) of the stipulation. Also, this filing apparently occurred without first attempting to resolve with defendants the failure to meet the April 3 deadline. See Fed. R. Civ. P. 37(a)(1); N.D. Ill. Loc. R. 37.2. The initial motion was withdrawn and an amended version was filed on April 28, 2008. Defendants contend that no attempt to resolve the motion without court intervention was initiated by plaintiff, the only communications to that effect being initiated by defendants and occurring between the April 5 and April 28 filings. Plaintiff does not dispute this representation.

By stipulation, the parties had resolved then-existing discovery disputes. Defendants had non-frivolous, and possibly meritorious, grounds for arguing that plaintiff's discovery requests were overbroad. As stated in ¶ 5 of the stipulation, plaintiff withdrew its first motion for sanctions "in its

---

sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). Defendants do not dispute this contention.

entirety" in return for defendants agreeing to produce the deponent and documents recited in the stipulation. Therefore, at the present time, it would only be appropriate to impose sanctions for failure to comply with deadlines in the stipulation. At the time the pending motion for sanctions was filed, any such noncompliance was, at most, a few weeks untimely. Even if completely unexcused, such a delay would not be substantial enough to impose sanctions in the form of striking defenses or striking defendants' Answer to the Complaint. The only type of sanction that will be considered is whether plaintiff is entitled to attorney fees or expenses related to the present motion to compel.

Other than a dispute regarding defendant Village's invocation of the attorney-client privilege--an issue that will be addressed below--defendants do not dispute their obligation to provide documents or produce the deponent that has been promised. It appears that further delay has been caused by the pendency of the motion for sanctions. Defendants apparently still have not provided some documents mentioned at a closed session for which a tape recording was provided. Except to the extent a privilege is invoked, these documents and any other outstanding responses shall be provided within three weeks from the date of today's

order. At that time, defendants shall also provide a certification that their responses are complete.

Plaintiff contends that the attorney-client privilege has been waived because not raised when documents were previously disclosed. An aspect of the stipulation was that defendants were to engage in a renewed search for more documents. Having found additional responsive documents, the Village has not waived its opportunity to contend some of them are protected by the attorney-client privilege. Although a privilege log was not provided simultaneously with the supplemental email disclosure, it was provided within a reasonable time thereafter taking into consideration the short time period provided in the stipulation and difficulties with accessing the emails. Waiver will not be based on a failure to timely invoke the privilege.

Plaintiff also contends that there is waiver because the Village has already disclosed some privileged documents. Defendant contends such disclosure was inadvertent. In such situations, the court must balance the particular circumstances in determining whether the disclosure results in a waiver. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, ___ F.3d ___, 2008 WL 2246431 *11 (7th Cir. June 3, 2008); United States v. Apex Oil Co., 2007 WL 4557827 *3 (S.D. Ill. Dec. 21,

2007); Wunderlich-Malec Sys., Inc. v. Eisenmann Corp., 2007 WL 3086006 *2 (N.D. Ill. Oct. 18, 2007); Sanner v. Board of Trade of City of Chicago, 181 F.R.D. 374, 379 (N.D. Ill. 1998). Factors to weigh in the balance include: "(1) the reasonableness of the precautions taken to prevent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Judson Atkinson, ___ F.3d ___, 2008 WL 2246431 at *11 (quoting Harmony Gold U.S.A., Inc. v. FASA Corp., 169 F.R.D. 113, 116-17 (N.D. Ill. 1996)). Accord Sanner, 181 F.R.D. at 379; Apex Oil, 2007 WL 4557827 at *3; Wunderlich-Malec, 2007 WL 3086006 at *2.

Here, the Village's computer consultant had problems converting to an accessible format emails that were formatted for an outdated version of the email program. Appropriate software was only available on one computer, so the old emails could not be transferred by disc or electronically. It was eventually determined that deleted emails had to be restored to the one computer and a folder of deleted emails printed out in hard copy. This was a substantial reason for delays in providing the emails and placed time pressure on defendants' attorney in attempting the meet the deadline in the stipulation. The attorney relied on clerical personnel to complete the process. It is represented

that clerical assistants mistakenly printed out nonresponsive emails that were privileged. Although these emails were to have been deleted from the list of emails provided, attempting to delete them kept them in the folder of deleted emails that were otherwise being printed. The inadvertently disclosed emails were amongst thousands of pages of documents.

It is accepted that the Village had a reasonable procedure in place to prevent disclosure and that the disclosure was inadvertent. After plaintiff attached some of the emails to her present brief, defendants have requested that they be stricken. Thus, the Village has taken a reasonable step to correct the inadvertent disclosure.[2] It is also accepted that an email containing legal advice regarding negotiations with Nelis was inadvertently placed in Nelis's personnel file. No waiver will be based on the inadvertent disclosure of the emails for which a privilege is claimed.

Plaintiff also contends that providing an unredacted tape recording of an executive session of the Village Board in which

---

[2] It is also noted that all the examples of emails purportedly containing legal advice that plaintiff submits in Exhibit I to her reply concern other Village matters totally unrelated to the alleged constructive discharge of plaintiff. As is discussed below, any waiver of privilege based on these emails would be limited to the subject matters of the emails. Those subject matters, however, are irrelevant to this litigation.

the possible termination of Nelis and other issues were discussed constitutes waiver of the attorney-client privilege. Plaintiff provides a copy of the minutes of this executive session, which took place on June 5, 2007, almost a year after the termination of plaintiff's employment. The only possible relevance of this evidence is whether Nelis's treatment of plaintiff was a consideration in deciding to terminate Nelis's employment. The executive session minutes support that plaintiff's treatment had nothing to do with the termination and there apparently is no other evidence to support that it did. It is recognized that, during discovery, the relevance question is whether the inquiry is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). That may have been true earlier in the litigation based on suspicion that Nelis's termination had something to do with plaintiff's treatment, though it was arguable that the extent of the inquiry was overly burdensome in light of the likelihood of leading to admissible evidence. The stipulation, however, conceded that issue to plaintiff, allowing for inquiry on the issue. At this point, though, it is now clear that further inquiry is unnecessary. Even if disclosure of the executive session resulted in disclosure of legal advice

regarding Nelis's termination,[3] it would only result in waiver of attorney-client communications on that subject matter. <u>Fort James Corp. v. Solo Cup Co.</u>, 412 F.3d 1340, 1349 (Fed. Cir. 2005) (applying Seventh Circuit law); <u>In re H & R Block Mortgage Corp., Prescreening Litig.</u> 2008 WL 747564 *2 (N.D. Ind. March 18, 2008) (quoting <u>Schofield v. United States Steel Corp.</u>, 2005 WL 3159165 *2 (N.D. Ind. Nov. 28, 2005)); <u>Chinnici v. Central DuPage Hosp. Ass'n</u>, 136 F.R.D. 464, 465 (N.D. Ill. 1991). Since further discovery on this subject matter would not be compelled, no attorney-client communication will be treated as waived based on disclosure of the contents of the executive session.[4] Moreover, it is not even clear from the minutes that any legal advice regarding Nelis's possible termination was given since the minutes only indicate, in the way of possible legal advice, that counsel described the contents of Nelis's employment contract.[5]

---

[3]During the session, there may have been legal advice on other matters completely unrelated to plaintiff's litigation. Whether there was a waiver regarding other subject matters need not be determined since discovery as to any of those other matters would not be compelled because irrelevant.

[4]Defendants still must comply with the promise it made in the stipulation regarding disclosing non-privileged emails and other documents even if they only relate to Nelis's termination.

[5]Unlike the court, the parties have access to the recording of the full contents of the executive session. Perhaps

For the foregoing reasons, no attorney-client privilege issue will be treated as waived. Plaintiff is directed to take appropriate steps to replace the electronic version of its reply brief [docket entry 88] with a version that does not include exhibits I and J.

Still to be considered is plaintiff's contention that the privilege log does not support that some of the documents are privileged. Again, all or most of the emails concern subject matters unrelated to the present litigation. But even if the documents are relevant to this litigation or otherwise subject to disclosure based on the stipulation, plaintiff does not point to a basis for rejecting the assertions of privilege. Plaintiff points to documents that Nelis forwarded to two department heads or to plaintiff. The forwarded documents, however, were originally sent to Nelis from an attorney. An executive may share legal advice with managers responsible for the subject of the communications without losing the privileged nature of the communication. See In re Quantum Chem./Lummus Crest, 1992 WL 71782 *2 n.5 (N.D. Ill. April 1, 1992). Plaintiff was Nelis's administrative assistant. It is represented that he forwarded

---

they know of legal advice during the session that is not reported in the minutes.

them to her for printing. Allowing a secretary or similar employee to see documents containing legal advice for the purpose of performing clerical functions does not take away the privileged nature of the communication. See Jenkins v. Bartlett, 487 F.3d 482, 491 (7th Cir), cert. denied, 128 S. Ct. 654 (2007); Plaintiff does not point to any sufficient basis for requiring disclosure of any of the documents identified as privileged.

Plaintiff also requests the opportunity to redepose Nelis, at defendants' expense, so that they may question him regarding the additional disclosures. Plaintiff does not point to any particular revelations in the additional documents already disclosed that require additional questioning. This request will not be granted.

Defendants have been dilatory and somewhat disorganized in responding to discovery. Bringing the present motion has resulted in a ruling that defendants must comply within a definite time period. The motion, however, also contained a number of contentions regarding attorney-client privilege and the imposition of sanctions that have been rejected. Under these circumstances, each party shall bear its own costs related to the motions.

Defendants shall provide the remaining responses within three weeks from the date of today's order. They must act

promptly in completing their responses. The discovery closing date is extended to July 31, 2008. Within six calendar days, defendants shall inform plaintiff as to at least three dates prior to July 24, 2008 for which Ervin is available for a deposition.

IT IS THEREFORE ORDERED that plaintiff's amended second motion for sanctions and to compel discovery [81] is granted in part and denied in part. Within three weeks, defendants shall provide any remaining document production required under the parties' March 13, 2008 stipulation and a statement that document production is complete. Within one week, the parties shall schedule the deposition of Jason Ervin. Plaintiff is granted leave to withdraw docket entry 88 and replace it with a redacted version. All discovery is to be completed by July 31, 2008. A status hearing will be held on August 13, 2008 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 12, 2008